GEORGE W. AND ELIZABETH COOPER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cooper v. Commissioner
Docket No. 6185-88
United States Tax Court
T.C. Memo 1990-237; 1990 Tax Ct. Memo LEXIS 244; 59 T.C.M. (CCH) 582; T.C.M. (RIA) 90237; May 15, 1990, Filed Michael D. Layman, for the petitioners. Roslyn D. Grand, for the respondent. KORNER, Judge. KORNER
*818 MEMORANDUM FINDINGS OF FACT AND OPINION In his notice of deficiency, respondent determined the following deficiencies and additions to tax in petitioners' Federal income tax: Additions to Tax, Sections [1]
Year
Deficiency
6653(b)
6653(b)(1)
6653(b)(2)
6661
1980
$ 15,353
$  7,676.50
--
--
--     1981
32,843
16,421.50
--
--
--     1982
48,794
$ 24,397.00
* $ 12,198.50
1983
61,491
30,745.50
* 15,372.75
1984
15,060
7,530.00
* 3,765.00
1985
17,169
8,584.00
* 4,292.25
*245 The following issues must be decided: (i) whether petitioners understated their taxable income by $ 50,012.50, $ 101,787, $ 122,925, $ 171,112, $ 56,231, and $ 32,011 in tax years 1980, 1981, 1982, 1983, 1984, and 1985, respectively; [2] (ii) whether petitioners are liable for self-employment tax on their earnings from their business enterprise; (iii) whether petitioners are liable for additions to tax for fraud during the tax years in question; and (iv) whether petitioners are liable for additions to tax for substantial *819 understatement of income pursuant to section 6661 for tax years 1982 through 1985. *246 Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits are incorporated by this reference. For convenience, our Findings of Fact and Opinion are combined. George W. Cooper and his wife, Elizabeth Cooper, petitioners, resided in Piedmont, South Carolina at the time they filed their petition. Through use of the source and application of funds method of income reconstruction, respondent determined that petitioners had substantially understated their taxable income during tax years 1980 through 1985, in the amounts set forth above. The source and application of funds method of reconstructing income is based on the assumption that the amount by which a taxpayer's application of funds during a taxable period exceeds his known available funds for that same period has, absent some explanation by the taxpayer, taxable origins. The taxpayer may explain that the difference between the total for the application of funds and the total for known sources of funds is attributable to such nontaxable items as loans, gifts, inheritances, or assets on hand at the beginning of the taxable period. Respondent's determinations are presumptively correct and *247 petitioners have the burden of proof. ; Rule 142(a). Respondent claims that this unreported taxable income is attributable to manufacture and sale of counterfeit cassette tapes. Petitioners contend that their son, not themselves, was involved in the sale of counterfeit tapes. They also contend that the money they received was attributable to intra-family fund transfers and to the sale of silver coins that petitioner had collected over the years. There has been no showing that respondent's determinations were arbitrary and excessive so as to cause the presumption in respondent's favor to disappear under the holding of . Petitioners have failed to prove that respondent's determinations of additional income, as adjusted by respondent, are erroneous. We therefore conclude that petitioners understated their taxable income by $ 50,012.50, $ 101,787, $ 122,925, $ 171,112, $ 56,231, and $ 32,011 in tax years 1980, 1981, 1982, 1983, 1984, and 1985, respectively. Respondent determined that petitioners realized self-employment income from their counterfeit tape manufacturing *248 business during the years at issue. Petitioners have not rebutted respondent's determination that they were liable for self-employment taxes. There is strong evidence in this record, which petitioners have not overcome, that petitioner George Cooper was involved in the manufacture and sale of counterfeit cassette tapes. Sec. 1401. We hold for respondent on this issue. We now turn to respondent's determination that petitioners are liable for additions to tax for fraud in each of the tax years in question. Respondent has the burden of proving fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b). To meet this burden, respondent must show that petitioners intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. ; Rowlee v. Commissioner, 80T.C. 1111, 1123 (1983). Respondent must prove fraud for each year he determines the addition to tax under section 6653(b). , affd. . We are required to consider the entire record *249 to determine whether fraud exists. ; , affd. ; . Fraud is not imputed or presumed. . Respondent may, however, prove fraud through circumstantial evidence since direct evidence of the taxpayer's intent is rarely available. ; Rowlee v. Commissioner, supra at 1123. Just as petitioners failed to prove that respondent's determinations that petitioners had substantial understatements in taxable income were incorrect, we similarly find that respondent has not succeeded in proving that petitioners intended to evade the payment of taxes. The consistent and substantial understatement of large amounts of taxable income over a period of years in and of itself is strong evidence of fraud. , affg. a Memorandum Opinion of this Court. However, respondent *250 has failed to prove by clear and convincing evidence that petitioners underpaid their tax in any of the years in question, with fraudulent intent to evade the taxes owing. The record herein raises suspicions, but they are not a substitute for proof. Accordingly, we find that respondent has failed to prove that petitioners were liable for fraud additions in any of the tax years in question in this case. Section 6661 provides for an addition to tax for a substantial understatement of income tax liability. An understatement is substantial if it *820 exceeds the greater of 10 percent of the tax required to be shown on the return, or $ 5,000. Sec. 6661(b)(1)(A). It is clear that petitioners' understatement was substantial. Section 6661(b)(2)(B) provides for a reduction of the amount of the understatement where there is or was substantial authority for the treatment of an item by the taxpayer or if the tax treatment is adequately disclosed in the return. Petitioners did not disclose the fact that they greatly understated their taxable income on their return, nor did they produce any authority for failing to do so. Petitioners are liable for the 25-percent addition to tax *251 under section 6661 for tax years 1982 through 1985. The 25-percent rate applies to all additions to tax assessed after October 21, 1986. . Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code, as in effect for the years in issue, and all rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩
*. 50 percent of the interest payable with respect to the portion of the underpayment attributable to fraud.↩
2. The understatements of income determined by respondent reflect concessions in the amount of unreported taxable income for tax years 1980, 1981, 1982, and 1985.↩